U.S. District Court
Middle District of North Carolina (Durham)

CIVIL DOCKET FOR CASE #: 98-CV-676

DEPT. OF LABOR, SEC v. N.C. GROWERS ASSOC., et al         Filed: 08/05/98
Assigned to: JUDGE JAMES A. BEATY, JR.
Demand: $0,000                          Nature of Suit:   710
Lead Docket: None                       Jurisdiction: US Plaintiff
Dkt# in other court: None

**F I L E D**
STATESVILLE, N.C.

Cause: 29:201 Denial of Overtime Compensation

| | | |
|---|---|---|
| DEPT. OF LABOR, SEC OF, Alexis M. Herman<br>    plaintiff | DANA L. FERGUSON<br>[COR LD NTC]<br>U. S. DEPT. OF LABOR<br>OFFICE OF THE SOLICITOR<br>61 FORSYTH ST. S.W., RM. 7T10<br>ATLANTA, GA 30303<br>404-562-2057 | JAN 1 5 1999<br><br>U.S. DISTRICT COURT<br>M DIST OF N C |

v.

| | |
|---|---|
| NORTH CAROLINA GROWERS ASSOCIATION, as joint employers<br>    defendant | WILLIAM RANDOLPH LOFTIS, JR.<br>[COR LD NTC]<br>CONSTANGY, BROOKS & SMITH<br>101 S. STRATFORD RD., STE. 300<br>FIRST STRATFORD BLDG.<br>WINSTON-SALEM, NC 27104-4224<br>336-721-1001 |
| SEXTON TREE FARMS AND SEXTON ASSOCIATES, as joint employers<br>    defendant | WILLIAM RANDOLPH LOFTIS, JR.<br>(See above)<br>[COR LD NTC] |
| HIGHLAND FRASER FIRS, as joint employers<br>    defendant | WILLIAM RANDOLPH LOFTIS, JR.<br>(See above)<br>[COR LD NTC] |
| NEW RIVER TREE CO., as joint employers<br>    defendant | WILLIAM RANDOLPH LOFTIS, JR.<br>(See above)<br>[COR LD NTC] |

A True Copy

Teste:

J. P. Creekmore, Clerk

By:

Deputy Clerk

Docket as of January 21, 1999 8:33 am                  Page 1

DOCUMENT
SCANNED

Proceedings include all events.                                    18AG
1:98cv676 DEPT. OF LABOR, SEC v. N.C. GROWERS ASSOC., et al        CLOSED
                                                                   SO30

10/29/98 12    RESPONSE by DEPT. OF LABOR, SEC to [8-1] motion to
               Transfer Case to Western District of NC at Statesville. by
               NEW RIVER TREE CO., HIGHLAND FRASER FIRS, SEXTON TREE
               FARMS, N.C. GROWERS ASSOC. (jw)

11/5/98  13    REPLY by N.C. GROWERS ASSOC., SEXTON TREE FARMS, HIGHLAND
               FRASER FIRS, NEW RIVER TREE CO. to response to [8-1]
               motion to Transfer Case to Western District of NC at
               Statesville. (jw) [Entry date 11/06/98]

11/10/98 --    Motion(s) referred: [8-1] motion to Transfer Case to
               Western District of NC at Statesville. referred  to
               MAG/JUDGE RUSSELL A. ELIASON (gs)

12/7/98  --    CASE NO LONGER REFERRED to Mag/Jud. (jw)

12/7/98  14    RECOMMENDATIONS of MAG/JUDGE RUSSELL A. ELIASON, granting
               [8-1] motion to Transfer Case to Western District of NC at
               Statesville and that an Order be entered transferring this
               case to the Western District of NC. Motion no longer
               referred. Objections to Recommendations due by 12/21/98 (jw)

12/7/98  15    Notice and Certificate of Mailing of Recommendations (jw)

12/31/98 --    CASE REFERRED to  Mag/Jud Eliason (gs)

1/6/99   --    CASE NO LONGER REFERRED to Mag/Jud. (ch)

1/6/99   --    CASE REFERRED to  Judge Beaty   (ch)

1/8/99   16    ORDER (signed by JUDGE JAMES A. BEATY JR.) The Mag/Judge's
               Recommendations are adopted, therefore [8-1] defts' motion
               to transfer is granted. This action is transferred to the
               U.S. District Court for the Western District of N.C.  The
               Clerk shall send the record and a certified copy of this
               order to the Clerk of Court for the Western District of
               North Carolina.  Ccs. to counsel & Clerk, WDNC. (cg)

1/8/99   --    CASE CLOSED.    Closing Code 10 (cg)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALEXIS M. HERMAN, Secretary of )
Labor, United States Department )
of Labor, )
                                )
            Plaintiff, )
                                )
      v. )                        1:98CV00676
                                )
NORTH CAROLINA GROWERS )
ASSOCIATION, SEXTON TREE FARMS )
AND SEXTON ASSOCIATES, HIGHLAND )
FRASER FIRS and NEW RIVER TREE CO.,)
                                )
            Defendants. )

## O R D E R

On December 7, 1998, the Recommendation of the United States
Magistrate Judge was filed and notice was served on the parties
pursuant to 28 U.S.C. § 636. No response has been received by the
Court within the time limits prescribed by Section 636.

Therefore, the Court need not make a _de novo_ review. The
Court has reviewed the Recommendation of the United States
Magistrate Judge and hereby adopts it.

**IT IS THEREFORE ORDERED AND ADJUDGED** that defendants' motion
to transfer (docket no. 8) is granted, and this action be, and the
same hereby is, transferred to the United States District Court for
the Western District of North Carolina. The Clerk shall send the
record and a certified copy of this order to the Clerk of Court for
the Western District of North Carolina.

                          United States District Judge

January 8 , 1999

**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

FILED
DEC 07 1998
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By

| | |
|---|---|
| SEC., DEPT. OF LABOR | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| N.C. GROWERS ASSOC., ET AL. | ) |
| Defendant(s). | ) |

NOTICE

1:98CV676

Attached to this Notice are the Magistrate Judge's Recommendations in the above-entitled action, which have been filed and entered on the docket in this case.

Rule 72(b), Fed.R.Civ.P., provides in pertinent part:

(b) Dispositive Motions and Prisoner Petitions.

\* \* \*

A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall made a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

You are hereby notified that unless written objections to the Magistrate Judge's Recommendations are served and filed as provided in the federal rule, the district judge shall enter an appropriate order or judgment but need not make a de novo review of the Magistrate Judge's Recommendations. Therefore, if you fail to serve and file objections within ten (10) days from the date of this Notice, you may waive your right to question on appeal the substance of the Magistrate Judge's Recommendations accepted by the district judge.

I hereby certify that on the 7th day of December, 1998, I deposited in the United States mail one true copy of Magistrate Judge's Recommendations attached, enclosed in a United States Government envelope, addressed to the attorneys listed below at the last known addresses, as follows:

Dana L. Ferguson
US Dept. of Labor
61 Forsyth St. S.W., Rm. 7T10
Atlanta, GA 30303

William Randolph Loftis, Jr.
101 S. Stratford Rd., Ste. 300
First Stratford Bldg.
Winston-Salem, NC 27104-4224

J. P. Creekmore, Clerk

By: JoAnn Wilson
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

ALEXIS M. HERMAN, Secretary of )
Labor, United States Department )
of Labor, )
)
           Plaintiff, )
)
        v. )  1:98CV00676
)
NORTH CAROLINA GROWERS )
ASSOCIATION, SEXTON TREE FARMS AND )
SEXTON ASSOCIATES, HIGHLAND FRASER )
FIRS and NEW RIVER TREE CO., )
)
        Defendants. )



FILED
DEC 07 1998
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

### Facts and Statement of the Case

This action was filed in this District by the United States Department of Labor and alleges that defendants failed to pay proper overtime compensation to employees who helped harvest Christmas trees. Defendants Sexton Tree Farms and Sexton Associates (hereinafter Sexton), Highland Fraser Firs (hereinafter Highland), and New River Tree Co. (hereinafter New River) are all growers of Christmas trees and are located in the Western District of North Carolina. Defendant North Carolina Growers Association (hereinafter NCGA) is an association of family farm employers which the parties agree is located in the Middle District of North Carolina. The other three defendants are all members of NCGA which allegedly recruited the workers at issue in this case, assigned them to farms, advised the other defendants concerning overtime compensation, and contacted the Wage and Hour Division of the

Department of Labor about overtime compensation. All defendants have now filed a motion to transfer this case to the Western District of North Carolina.

## Discussion

Defendants make their motion to transfer under 28 U.S.C. § 1404(a). This statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a)(emphasis added). Defendants have the burden of showing that such a discretionary transfer should be made. Datasouth Computer Corp. v. Three Dimensional Technologies, Inc., 719 F. Supp. 446, 450 (W.D.N.C. 1989). In making its decision, a court must weigh factors of fairness and convenience. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). "'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984)(quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)).

As for the specific considerations in deciding a motion to transfer, this Court has previously set out seven factors which should be looked at. Regent Lighting Corp. v. Galaxy Elec. Mfg., Inc., 933 F. Supp. 507, 513 (M.D.N.C. 1996). The Court should consider "the plaintiff's initial choice of venue, residence of the parties, ease of proof, availability of compulsory process, cost of

obtaining attendance of willing witnesses, expeditious and inexpensive trial, and the interest of localized litigation." Id. In addition, when applicable, a court may also consider other factors such as the possibility of a view of the premises of the parties. Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996).

There is no dispute among the parties that this case could have been brought in either the Middle or Western District of North Carolina. The only issue then is whether, considering the factors discussed above, defendants have met their burden of showing that transfer is proper in this case.

Defendants state that four of the factors mentioned above weigh in favor of transfer while only one weighs against it. Turning first to the factor weighing against transfer, defendants admit that plaintiff has chosen the Middle District as her forum and that plaintiff's choice of forum weighs against transfer and is normally given considerable weight in the decision making process. However, it will be given less weight when the plaintiff does not reside in the district in which the suit was brought or when the events creating the cause of action did not occur in that district. Verosol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 582, 592 (E.D. Va. 1992).

Plaintiff does not reside in either the Middle or Western District of North Carolina. Rather, defendants state in their brief that the case was investigated out of Raleigh, North Carolina, in the Eastern District, and that the suit was filed out

-3-

of plaintiff's Atlanta office. Plaintiff agrees that the investigation was conducted from Raleigh. Defendants further state, and plaintiff does not deny, that all of the work done by the employees in this case and all payments to those employees occurred in the Western District of North Carolina. Although NCGA, which is located here, may have recruited the workers and given advice to the defendants in the Western District, there is no dispute that it did not employ or pay any of the workers in question in this case.

Other than stating that the Middle District is closer to the Raleigh office which investigated the case, plaintiff has not given a reason for choosing and preferring the Middle District over the Western District.[1] Therefore, because plaintiff is not located in this District and because many of the critical events which led to the suit did not occur in this District, her choice of venue will be given less weight than it ordinarily would in deciding the motion to transfer.

As stated above, defendants list four factors which they contend outweigh plaintiff's choice of forum in this case. The first of these is the residence of the parties. As previously discussed, plaintiff is not located in either the Middle or Western District. NCGA is located in the Middle District while all three

_____

[1]Defendants assume that, should the case be transferred, the case would be heard in the Statesville Division of the Western District. Plaintiff has expressed no opinion on this. If the case were to stay in this District, it would likely be heard in either Greensboro or Winston-Salem. The Court notes that Statesville is not vastly more distant from Raleigh than Greensboro or Winston-Salem.

other defendants are located in the Western District. Overall, the Court finds that this factor does weigh in favor of transfer because a majority of the parties are located in the Western District. Also, NCGA, the only party residing here in the Middle District supports the motion to transfer. Plaintiff has not disputed these facts or defendants' argument that this factor weighs in favor of transfer.

The second factor which defendants put forth as weighing in favor of transfer is the ease of access to proof. Defendants state that all employment and payment records for the employees involved in this case are located in the Western District. This leads directly to the third factor which defendants contend weighs in favor of transfer -- costs to witnesses. Defendants state that most of their witnesses are located in the Western District, while pointing out that plaintiff's will presumably come from Raleigh or Atlanta.

Once again, plaintiff does not counter these statements, but relies only on her contention that Raleigh is closer to the Middle District than to the Western District. Presumably, plaintiff wishes to argue that the change in districts would merely switch any inconvenience from defendants to plaintiff which would not be proper. Tools USA and Equipment Co. v. Champ Frame Straightening Equipment, Inc., 841 F. Supp. 719 (M.D.N.C, 1993). However, as noted above, any added inconvenience to plaintiff would be mitigated by the fact that plaintiff already must travel outside the district or districts in which her offices are located and that

the travel would likely not be greatly increased as a result of transfer. Plaintiff has also failed to set out any specific explanations of how or why a transfer would be burdensome to her. She has not, for instance, stated where her witnesses will be coming from or whether a change in district would cause an expensive change in travel methods or lodging. For these reasons, the Court finds that both ease of proof and convenience and expense of witnesses weigh in favor of transfer.

The final factor offered by defendants as weighing in favor of transfer is the possibility of a view of defendants' premises. Defendants state, and plaintiff does not deny, that a key issue in this case will be whether the growing and harvesting of Christmas trees is an agricultural or non-agricultural activity and that a viewing of the operations of defendants Sexton, Highland, and New River may well be helpful in deciding the case. Such a viewing would be more convenient for a court located in the Western District. It is difficult to judge the correctness of defendants' assertion that a viewing may be necessary or important. Still, it is a possibility, and plaintiff has not argued that defendants' statement is incorrect. Therefore, the Court finds that this factor also weighs in favor of transfer.

Although not mentioned by the parties, the Court itself notes one other factor which suggests that transfer is appropriate in this case. In her complaint, plaintiff asks not only that any unpaid back wages be paid, but that defendants be enjoined from violating certain labor laws. Because the actual setting of the

-6-

hours worked by the employees and the payment of the employees is apparently done only by the defendants in the Western District, the factors discussed above suggest that the administration of such an injunction and the decision of any disputes arising under it would be better handled by a court in that district. In the end, the Court finds that the factors supporting transfer outweigh plaintiff's choice of forum and that defendants have met their burden of showing that transfer is proper in this case.

**IT IS THEREFORE RECOMMENDED** that defendants' motion to transfer (docket no. 8) be granted and that an order be entered transferring this case to the Western District of North Carolina.


United States Magistrate Judge

December, 7 1998

13.

| | | |
|---|---|---|
| ALEXIS M. HERMAN, | : | |
| Secretary of Labor | : | |
| United States Department of Labor, | : | |
| | : | |
| Plaintiff, | : | |
| | : | File No.1:98CV00676 |
| v. | : | |
| | : | |
| NORTH CAROLINA GROWERS | : | |
| ASSOCIATION, SEXTON TREE FARMS AND | : | |
| SEXTON ASSOCIATES, HIGHLAND FRASER | : | |
| FIRS and NEW RIVER TREE CO., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

The basis for plaintiff's opposition is simple: the case should remain in this Court because she selected this district. While a plaintiff's choice of forum is generally accorded great weight, there is no real basis for it here. Plaintiff claims that while neither her office, nor that of her investigating office, is located in this District, this district is more convenient. Moreover, even though the three Christmas tree growers, (who plaintiff claims failed to pay overtime), their farms, the workers and the Christmas trees are located in the Western District, this Court is more convenient for plaintiff. There is no support for plaintiff's contention, and defendants request the Court to grant their motion.

Plaintiff contends that three of the defendants failed to pay overtime to employees who harvested Christmas trees. Defendants contend that they are not

1

required to pay overtime because the harvesting of Christmas trees is an agricultural activity. These defendants each worked on the farms in question. Requiring them to come to the Middle District for depositions and trial would create a burden on them and their businesses. There is no reason why this case should not have been brought in the District in which these farms are located.

Plaintiff contends that because the North Carolina Growers Association (NCGA), of which the other three defendants are members, is located in the Middle District, this district is the proper forum. She claims that because NCGA recruited workers and assigned them to these growers and had contact with the Wage and Hour Division, NCGA's principal place of business makes this forum the proper one. Yet, she fails to recognize that NCGA does *not* grow Christmas trees, nor does it pay workers to harvest them. None of NCGA's alleged actions form the basis of plaintiff's complaint.

As set forth more fully in defendants' motion, analysis of the various factors considered in motions to transfer venue weighs heavily toward the Western Division. Briefly stated, this district is no more convenient for plaintiff, as neither her office, nor that of her investigating office is located here. The three growers plaintiff accuses of not paying overtime are not located in this district. The farms that plaintiff contends are the sites of the alleged violations are not located in this district. Most of the witnesses will be found in the Western District. Requiring plaintiff to pursue this case in the Western District should prove no more difficult for her than this one.

Accordingly, defendants respectfully request this Court to transfer venue of this case to a more proper forum, the Western Division at Statesville, where the Christmas tree growers are located.

Respectfully submitted,

W. Randolph Loftis, Jr.,
Constangy, Brooks & Smith
101 South Stratford Road
Suite 300
Winston-Salem, N.C. 27104-4213
336-721-1001


Monte B. Lake
Robert E. Williams
Christine M. Cooper
McGuiness & Williams
1015 15th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-789-8600

Counsel for defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this ___5___ day of November 1998, a copy of the foregoing was served by first-class mail, postage pre-paid to:

Dana L. Ferguson, Esquire
Office of the Solicitor
U.S. Department of Labor
61 Forysth Street, S.W.
Room 7T10
Atlanta, GA  30303


_____
Attorney

4



UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROCKINGHAM DIVISION

ALEXIS HERMAN,                    )
Secretary of Labor,               )        FILE NO.
United States Department of Labor,)
                                  )        1:98CV00676
            Plaintiff,            )
                                  )
      v.                          )
                                  )    **FILED**
NORTH CAROLINA TREE GROWERS        )   **OCT 2 9 1998**
ASSOCIATION, SEXTON TREE FARMS     )   IN THIS OFFICE
AND SEXTON ASSOCIATES,             )   Clerk U. S. District Court
HIGHLAND FRASER FIRS               )   Greensboro, N. C.
and NEW RIVER TREE CO.,            )   By _____
as joint employers,                )

            Defendants.

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE

Plaintiff opposes Defendants' Motion to Transfer Venue
on the following grounds.

It is well-settled law that a Plaintiff has the choice
of forum for filing a cause of action.  The exception to this
principle is when the choice of forum would cause undue hardship
and inconvenience to the Defendant when a case remains in the
jurisdiction and venue in which it was filed.  "In deciding
whether to transfer a case, plaintiffs choice of forum is rarely
disturbed unless balance is *strongly* in favor of movant."  Figgie
Intern, Inc. v. Destileria Serralles, Inc., 925 F.Supp. 411
(D.S.C. 1996)(emphasis added).  See also, Rutherford v. Goodyear
Tire and Rubber Co., 943 F.Supp. 181 (S.D.N.Y. 1996).

The issue in this case is whether Defendants' failure to pay overtime compensation to employees who harvest Christmas trees violates the Fair Labor Standards Act. In their Answer, which Defendants filed simultaneously with their Motion and Memorandum, the Defendants indicate that they did not pay overtime compensation to the employees at issue in this case. Defendants contend that they are entitled to the agricultural exemption from the requirement to pay overtime compensation. However, "[t]he planting, tending and cutting of Christmas trees do not constitute farming operations" under the FLSA. 29 C.F.R. § 780.208; see 29 C.F.R. §§ 780.200 and 201. This is simply a case of statutory and regulatory interpretation.[1]

Defendants admit that this Court has jurisdiction over this matter. The Wage and Hour Office which conducted the investigation which forms the basis of this litigation is located in Raleigh, North Carolina, and this forum is more convenient to Plaintiff than the Western District of North Carolina. Defendant North Carolina Growers Association ("NCGA"), the association to which the other Defendants belong, has its principal place of business in this District. NCGA recruited the employees at issue in this case and assigned them to individual farms, advised the

---

[1] Defendants' implication that it is necessary for the Court to view the farms where the Christmas trees are grown is baseless. Evidence regarding Defendants' operations can clearly be presented to the Court.

defendant farmers regarding non-payment of overtime compensation to these workers, and had contact with the Wage and Hour Division regarding the requirement to pay overtime compensation to these workers. This District is the appropriate venue for this litigation. The Defendants have failed to carry their burden and show that the existing forum is inconvenient or will cause undue hardship to them. <u>Ervin and Associates, Inc. v. Cisneros</u>, 939 F.Supp. 793 (D.Colo. 1996).

For the foregoing reasons, Defendants' Motion To Transfer Venue should be denied.

<u>ADDRESS</u>:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 562-2057
 (404) 562-2073 (FAX)

MARVIN KRISLOV
Deputy Solicitor for
 National Operations

JAYLYNN K. FORTNEY
Regional Solicitor

ROBERT L. WALTER
Counsel

By: _____
    DANA L. FERGUSON
    Attorney
    Georgia Bar No. 250627

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.

SOL Case No. 97-10816/18/21 and 24

3

## CERTIFICATE OF SERVICE

I certify that true copies of the foregoing Plaintiff's
Response to Defendants' Motion to Transfer Venue was served by
first class mail this 27th day of October, 1998, addressed to:

> Mr. W. Randolph Loftis, Jr.
> Constangy, Brooks & Smith, LLC
> Attorneys at Law
> 101 South Stratford Road
> Suite 300
> Winston-Salem, NC 27104
>
> Ms. Christine Cooper
> McGuinnes & Williams
> 1015 Fifteenth Street, N.W.
> Suite 1200
> Washington, DC 20005

DANA L. FERGUSON
Attorney

SOL Case No. 97-10816/18/21 and 24

FILED
OCT 2 8 1998
U.S. DISTRICT COURT
U. S. District Court
Greensboro, N. C.

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### ROCKINGHAM DIVISION

ALEXIS M. HERMAN,                               :
Secretary of Labor                              :
United States Department of Labor,              :
                                                :
      Plaintiff,                        :
                                                :    File No. 1:98CV00676
                                                :
v.                                              :
                                                :
NORTH CAROLINA GROWERS                          :
ASSOCIATION, SEXTON TREE FARMS AND              :
SEXTON ASSOCIATES, HIGHLAND FRASER              :
FIRS and NEW RIVER TREE CO.,                    :
                                                :
      Defendants.                       :
                                                :
_____:

## DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

COME NOW the defendants, North Carolina Growers Association, Sexton Tree

Farms and Sexton Associates, Highland Fraser Firs and New River Tree Company, by

and through counsel, and pursuant to Fed. R. Civ. P. 15(a) and files this Amended

Answer to Plaintiff's Complaint as follows:


### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Responding to the specific allegations in the numbered paragraphs of the

Complaint, defendants state as follows:

1

## I.

Defendants admit that plaintiff has set forth the jurisdictional statutes under which she brings this claim, but denies that they necessarily confer jurisdiction.

## II.

A-D.   Admitted.

## III.

A.      The allegations in Paragraph A are legal conclusions of the pleader to which no response is required.  Should a response be required, the same are denied.

B.      Defendants admit that they engaged in commerce.  The remaining allegations in Paragraph B are legal conclusions of the pleader to which no response is required. Should a response be required, the same are denied.

## IV.

Defendants Sexton Tree Farms, Highland Fraser Firs and New River Tree Company admit that on occasion, they employed employees for workweeks longer than 40 hours.  These same defendants also admit that they did not pay workers one and one-half times the regular rate for hours worked in excess of 40.  Defendants deny the remainder of paragraph one.

Paragraph two is denied.

Further answering the Amended Complaint, defendant denies any allegations not specifically admitted or otherwise answered.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 213(b)(12) and 29 U.S.C.§ 203(f), employees working for defendants are not entitled to compensation at one and one-half times their regular rate for hours in excess of 40 per workweek because they are agricultural employees and therefore are not entitled to overtime pay.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' actions toward plaintiff and to defendants' employees has, at all times, been in compliance with all applicable federal, state and local laws.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief she seeks in this Action, because, at all times relevant and material herein, Defendants acted in good faith and had reasonable grounds for believing that they did not violate the provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

Defendants reserve the right to add any additional defenses and/or to amend this answer should any evidence found in the course of discovery be deemed responsive.

Respectfully submitted,

W. Randolph Loftis, Jr.,
Constangy, Brooks & Smith
101 South Stratford Road
Suite 300
Winston-Salem, N.C. 27104-4213
336-721-1001


Monte B. Lake
Robert E. Williams
Christine M. Cooper
McGuiness & Williams
1015 15th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-789-8600

Counsel for defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this _28_ day of October 1998, a copy of the foregoing First Amended Answer to Plaintiff's Complaint was served by first-class mail, postage pre-paid to:

Dana L. Ferguson, Esquire
Office of the Solicitor
U.S. Department of Labor
61 Forysth Street, S.W.
Room 7T10
Atlanta, GA  30303


_____
Attorney

# United States District Court

Middle District of North Carolina
Post Office Box 2708
Greensboro, North Carolina 27402

Chambers of
Frank W. Bullock, Jr.
Chief Judge

October 27, 1998

Dear Counsel:

Department of Labor -v- N. C. Growers Association, et al
1:98CV676

The above-entitled case has been randomly selected from the combined dockets of all district judges and administratively assigned to Magistrate Judge Russell A. Eliason to conduct all proceedings, including the ultimate trial if necessary. Because of the dramatic increase in the number of criminal cases in recent years, district judges have had to give priority to the criminal docket as required by law. Under these circumstances your case can experience a significant delay, which can result in cost increases, before it can be tried by a district judge. Congress's enactment of the Civil Justice Reform Act has required the court to give increased attention to addressing costs and delays in resolving civil disputes. The Judicial Conference of the United States has encouraged the designation of magistrate judges to conduct all proceedings in civil cases, both jury and non-jury.

Magistrate Judges Russell A. Eliason and P. Trevor Sharp are experienced judicial officers who for over ten years have regularly handled civil cases from discovery through dispositive motions and trial. Trial before a magistrate judge, in addition to an earlier trial date, will also enable the court to give counsel and the parties a special setting. Appeal from a judgment entered by a magistrate judge will be to the Court of Appeals for the Fourth Circuit.

After discussion with your client, please return the enclosed decision form to the Clerk's Office within twenty (20) days. Cases in which consent is not given will nevertheless be first considered by the magistrate judge, who will make rulings or recommendations on all motions, including dispositive ones. **SINCE YOU ARE REQUIRED BY LAW TO COMMUNICATE YOUR DECISION TO THE CLERK, FAILURE TO RETURN THE FORM WILL BE DEEMED A CONSENT TO THE EXERCISE OF COMPLETE JURISDICTION BY THE MAGISTRATE JUDGE UNDER 28 U.S.C. § 636(c).**

Very truly yours,

Frank W. Bullock, Jr.
Chief Judge

FWB,jr.:dmm

Enclosure

**DECISION REGARDING CONSENT TO PROCEED**
**BEFORE A MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Department of Labor | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:98CV676 |
| | ) | |
| N C Growers Association, et al | ) | |
| Defendant. | ) | |

DECISION REGARDING CONSENT TO PROCEED
BEFORE A MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. § 636(c), the undersigned party hereby communicates its decision whether or not to voluntarily waive its right to proceed before a district judge and consent to have the assigned magistrate judge conduct any and all further proceedings in the case, including trial, and the entry of final judgment. Any appeal from the judgment shall be taken to the Fourth Circuit Court of Appeals in the same manner as an appeal from any other judgment of the district court.

I consent _____

I do not consent _____

Date _____

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### ROCKINGHAM DIVISION

ALEXIS M. HERMAN,
Secretary of Labor
United States Department of Labor,

  Plaintiff,

v.

NORTH CAROLINA GROWERS
ASSOCIATION, SEXTON TREE FARMS AND
SEXTON ASSOCIATES, HIGHLAND FRASER
FIRS and NEW RIVER TREE CO.,

  Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

File No.1:98CV00676

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE

### INTRODUCTION

  The Department of Labor is suing three Christmas tree growers and the Association of which the three are all members. Defendants Sexton Tree Farms and the New River Tree Company are both located in Jefferson, North Carolina, and Fraser Firs is located in Plumtree. All three are based in the Western District of North Carolina, near the Statesville Division. North Carolina Growers Association (NCGA) is based in Vass, North Carolina, located in this District. Although listed as the first named defendant, NCGA does not grow Christmas trees. The central issue in this case is whether the growing of Christmas trees is an agricultural or non-agricultural activity for purposes of applying labor laws. Thus, the physical evidence and location of the

1

growers will weigh heavily in this case. As will be set forth more fully below, in the interest of justice, transfer of this matter is appropriate.

## FACTUAL BACKGROUND

Three of the four named defendants in this matter are Christmas tree growers in the western part of North Carolina. NCGA, the fourth defendant, is an association composed of small, family farm employers. NCGA does not grow Christmas trees.

A number of Christmas tree growers in North Carolina employ legal alien workers on a seasonal basis to help produce and harvest trees because sufficient domestic workers are unavailable. Generally, there are two programs available to admit temporary and seasonal workers: H-2A for agricultural workers and H-2B for occupations that are considered non-agricultural.

In 1995, the three grower defendants, like other Christmas tree growers, applied for legal alien workers, after a search for domestic workers produced an insufficient number to meet their needs. The Department of Labor authorized defendants' employment of legal alien workers under the H-2B (non-agricultural) program, as DOL considered Christmas tree production to be non-agricultural. Accordingly, defendants paid the workers overtime pay, as is required for non-agricultural employees under the Fair Labor Standards Act (FLSA).

In a letter dated December 12, 1995, the Department of Labor which grants labor certification under both programs, reversed its prior position (requiring growers to use the H-2B program) and informed the growers that the Christmas tree production was considered agricultural and that henceforth they would have to apply for alien workers under the H-2A agricultural worker program. The H-2A program imposes

2

more stringent regulatory requirements and a different and generally higher wage standard that the H-2B program. The December 12 letter indicated in a vague reference that "because of differing definitions in relevant statutes, the work is treated as agricultural for H-2A purposes but not for some other purposes."

The Department later clarified what "but not for some other purposes" meant by informing the growers that, while they would have to apply for alien worker under the H-2A (agricultural) program, these workers would also be considered non-agricultural for purposes of the FLSA requiring the payment of overtime. Thus, the Department of Labor considers the growing of Christmas trees to be an agricultural activity for some purposes and statutes and a non-agricultural activity for others. For several years, defendants have sought for a consistent application, under either designation.

Should the Court determine based on the physical evidence (i.e., that the trees are grown like any other agricultural product such as corn or soybeans,) and the legal standards that Christmas trees are agricultural, defendants will continue to pay workers the adverse wage rate paid and meet other regulatory requirements imposed by the Department under the H-2A program. Similarly, however, as employers of agricultural workers, defendants believe they are entitled to the agricultural exemption from payment of overtime.

On the other hand, should the Court determine that Christmas tree production is similar to the prodution of timber, and therefore non-agricultural, defendants will pay workers overtime like any other employer of non-agricultural employees. The location of the trees, the growers who produce them and the wage records in question are

important in light of this issue. They are located in the Western District of North

Carolina for three of the four defendants in this case.

## ARGUMENT

I. **VENUE, SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION ARE PROPER IN THE WESTERN DISTRICT.**

The Secretary of the Department of Labor (DOL), Alexis Herman, is the

plaintiff in this action and the Atlanta, Georgia regional office of the DOL brings it on

her behalf. Plaintiff selected the Middle District of North Carolina as the venue for this

action. While venue in this jurisdiction may be technically proper, the Western District

would be a more convenient forum. Moreover, it has subject matter jurisdiction and

personal jurisdiction over the action.

Personal jurisdiction is proper in the Western District for the three growers

named as defendants in the action because they live and work in the Western District.

In addition, the other named defendant, the North Carolina Growers Association has a

number of members in the Western District and does a significant amount of business

there. Accordingly, personal jurisdiction over the association is proper as well.

Subject matter jurisdiction is proper in the Western District because the claims

in plaintiff's complaint are based on federal question jurisdiction. Thus, while

jurisdiction over the subject matter would be proper in this court, it also would be

proper in the Western District.

II. **TRANSFER OF VENUE IS WITHIN THE DISRETION OF THE COURT**

While plaintiff has the right to select the forum for her case, that right is not

absolute. U.S.C. § 1404(a) states:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Thus, the Court has the discretion to transfer venue. As noted in *Ellicott Machine Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 (4th Cir. 1974), "a plaintiff may ordinarily select his forum unless there are factors of convenience sufficiently important to the parties and the court to occasion denying him that choice." These factors are assessed on a case-by-case basis and involve a flexible analysis so that the court may determine whether there is a seeking of justice mixed with a strategy to harass the opposing party by choosing an inconvenient place. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 29 (1988); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). The decision to transfer venue is within the discretion of the court to be exercised in light of all of the circumstances. *D.P. Riggins v. American Bd. Companies*, 796 F.Supp. 205, 211 (W.D.N.C. 1992), *citing* 1A Part 2 J. Moore, *Moore's Federal Practice* par. 0.345[5](2d ed. 1991).

III.    **THE FACTORS TO BE CONSIDERED POINT TOWARD TRANSFER**

While the Fourth Circuit generally will not disturb plaintiff's choice, it has recognized a number of factors to be weighed to determine whether in the interest of justice and convenience of the parties and witnesses, transfer is appropriate. These factors include:

1)    The plaintiff's initial choice of forum;

2)    The residence of the parties;

3)    The relative ease of access of proof;

4)      The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;

5)      The possibility of a view;

*D.P. Riggins, supra,* at 211, 212; *Plant Genetic Systems, N.V. v. Ciba Seeds,* 933 F.Supp. 519, 527 (M.D.N.C. 1996). Analysis of the factors indicates that tranfer is the appropriate course of action.[1]

A.      **Plaintiff's Choice of Forum.**

As noted above, plaintiff's choice of forum is given consideration. There are some circumstances in which the plaintiff's choice of forum will be granted less weight in the analysis, such as when the plaintiff does not reside in the chosen forum, the plaintiff's choice is less persuasive. *See Verosol B.V. v. Hunter Douglas, Inc.,* 806 F.Supp. 582 (E.D. Va. 1992). In this case, the Atlanta, Georgia office of the DOL represents plaintiff. Obviously, this office is not headquartered in the Middle District of North Carolina where they filed suit. Accordingly, there is no reason to give plaintiff's choice deference.

---

[1] There are other factors listed in *Riggins* and *Plant Genetic Systems* which would not affect the outcome for either party or for either District. These include: the enforceability of judgment; advantages and obstacles to a fair trial; other practical problems of a trial; administrative difficulties of court congestion; having local controversies decided by local court and avoidance of conflict of interest. Defendants submit that both jurisdictions would be appropriate under these factors. The weight of the first five, however, weighs heavily toward transfer. *See Southern Railway Co. v. Madden,* 235 F.2d. 198 (4th Cir. 1956)(court held the only reasonable place to try the case was the locus in quo noting that no one would be *convenienced* by the original forum chosen by plaintiff).

B.    **The Residence of the Parties.**

As noted above, plaintiff does not reside in the state of North Carolina, much less in the Middle District. The workers on whose behalf plaintiff brings this action, however, are found generally in the Western District. The three grower defendants in this action are located in the Western District of North Carolina near Statesville, where they live and work. Requiring defendants to travel several hours for depositions and for trial would be inconvenient and unfair, especially in light of their full-time, year round occupations. NCGA, the only non-Western District defendant, would not have the difficulty in traveling to the Western District that the three growers would have to travel to the Middle District. The Association is subject to the jurisdiction of the Western District and joins this Motion to transfer venue.

C.    **The Relative Ease of Access to Proof**

The most important events to the suit are the growing of Christmas trees and the work performed by the growers' workers, all of which was done in the Western District of North Carolina. The central issue in this case is whether the growing of Christmas trees is classified as agricultural or non-agricultural for the purposes of labor laws. The location of the farms where plaintiff claims workers were not properly paid is arguably the best location for adjudication of this suit. There are no allegations regarding growers in the Middle District or workers not being paid in the Middle District. Where the operative events occur outside the plaintiff's chosen forum, regardless of plaintiff's residency, the choice of forum is less persuasive. *See Dicken v. United States*, 862 F.Supp. 91 (D.Md. 1994); *Chedid v. Boardwalk Regency Corp.*, 756 F.Supp. 941 (E.D.Va. 1991).

7

D.     **The Availability of Compulsory Process and Costs of Witnesses.**

As noted above, all of the events occurred in the Western District where the defendant growers employed the workers. Most witnesses for defendant will be located in that District.

Of note, the transfer would create no greater inconvenience for the plaintiff. As noted above, the Atlanta office brings this suit on behalf of the Secretary of DOL. While the Raleigh, North Carolina office conducted an investigation of these growers, plaintiff did not file this suit in the Eastern District, where Raleigh is located. Thus, this is not a case where a transfer would shift the inconvenience of one party to that of another. *See, Tools USA v. Champ Frame Straightening*, 841 F.Supp. 719, 721 (M.D.N.C. 1993). A transfer to the Western District should be no more inconvenient for plaintiff and her witnesses than filing suit in the instant District.

E.     **The Possibility of a View.**

There will be a view in this case. Due to the fact that the growers involved are located near Statesville, most, if not all, of the evidence will come from that area. For example, all of the work records are located there. Moreover, the Christmas trees are grown there. Because the central issue in this case is whether Christmas trees are agricultural or not, it will be advantageous for the court to view the trees on the growers' farms.

## CONCLUSION

It has long been noted in the case law regarding the transfer of cases that a transfer is warranted if the alternative forum is more convenient and it is in the interests of justice to transfer the case. The three main defendants, the potential witnesses and the place where all operative facts occurred are in the Western District of North Carolina. Accordingly, defendants request that this Court grant their motion.

Respectfully submitted,

W. Randolph Loftis, Jr.,
Constangy, Brooks & Smith
101 South Stratford Road
Suite 300
Winston-Salem, N.C. 27104-4213
336-721-1001

Monte B. Lake
Robert E. Williams
Christine M. Cooper
McGuiness & Williams
1015 15th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-789-8600

Counsel for defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October 1998, a copy of the foregoing was served by first-class mail, postage pre-paid to:

Dana L. Ferguson, Esquire
Office of the Solicitor
U.S. Department of Labor
61 Forysth Street, S.W.
Room 7T10
Atlanta, GA 30303


_____
Attorney

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### ROCKINGHAM DIVISION

ALEXIS M. HERMAN,                          :
Secretary of Labor                          :
United States Department of Labor,          :
                                            :
      Plaintiff,        :
                                            :       File No.1:98CV00676
v.                                          :
                                            :
NORTH CAROLINA GROWERS                      :
ASSOCIATION, SEXTON TREE FARMS AND          :
SEXTON ASSOCIATES, HIGHLAND FRASER          :
FIRS and NEW RIVER TREE CO.,                :
                                            :
      Defendants.       :
                                            :
_____         :

## DEFENDANTS' MOTION TO TRANSFER VENUE

COME NOW defendants, by and through counsel, and respectfully request this

Court to transfer venue from the Middle District of North Carolina to the Western

District of North Carolina at Statesville. As grounds therefor and as will be set forth

more fully in the accompanying memorandum of points and authorities, defendants

submit the following:

    1)    Venue, subject matter jurisdiction and personal jurisdiction are proper

for all defendants in the Western District;

    2)    It is within the discretion of the Court to transfer venue;

    3)    The factors used in Motions to Transfer Venue indicate that the Western

District is the most appropriate jurisdiction, is convenient for the parties and best serves

the interests of justice.

1

Respectfully submitted,

W. Randolph Loftis, Jr.,
Constangy, Brooks & Smith
101 South Stratford Road
Suite 300
Winston-Salem, N.C. 27104-4213
336-721-1001


Monte B. Lake
Robert E. Williams
Christine M. Cooper
McGuiness & Williams
1015 15th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-789-8600

Counsel for defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this _13th_ day of October 1998, a copy of the foregoing was served by first-class mail, postage pre-paid to:

Dana L. Ferguson, Esquire
Office of the Solicitor
U.S. Department of Labor
61 Forysth Street, S.W.
Room 7T10
Atlanta, GA 30303

_____
Attorney

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION

ALEXIS M. HERMAN,                          :
Secretary of Labor                         :
United States Department of Labor,         :
                                           :
        Plaintiff,                         :
                                           :     File No.1:98CV00676
v.                                         :
                                           :
NORTH CAROLINA GROWERS                      :
ASSOCIATION, SEXTON TREE FARMS AND         :
SEXTON ASSOCIATES, HIGHLAND FRASER         :
FIRS and NEW RIVER TREE CO.,               :
                                           :
        Defendants.                        :
                                           :
_____    :

## DEFENDANTS' ANSWER TO COMPLAINT

COME NOW the defendants, North Carolina Growers Association, Sexton Tree

Farms and Sexton Associates, Highland Fraser Firs and New River Tree Company, by

and through counsel, and responds to the complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Responding to the specific allegations in the numbered paragraphs of the

Complaint, defendants state as follows:

I.

Defendants admit that plaintiff has set forth the jurisdictional statutes

1

under which she brings this claim, but denies that they necessarily confer jurisdiction.

## II.

A-D.   Admitted.

## III.

A.      The allegations in Paragraph A are legal conclusions of the pleader to which no response is required.  Should a response be required, the same are denied.

B.      Defendants admit that they engaged in commerce.  The remaining allegations in Paragraph B are legal conclusions of the pleader to which no response is required. Should a response be required, the same are denied.

## IV.

Defendants Sexton Tree Farms, Highland Fraser Firs and New River Tree Company admit that on occasion, they employed employees for workweeks longer than 40 hours.  These same defendants also admit that they did not pay workers one and one-half times the regular rate for hours worked in excess of 40.  Defendants deny the remainder of paragraph one.

Paragraph two is denied.

Further answering the Amended Complaint, defendant denies any allegations not specifically admitted or otherwise answered.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part by the doctrine of the statute of limitations.

Defendants reserve the right to add any additional defenses and/or to amend this answer should any evidence found in the course of discovery be deemed responsive.

Respectfully submitted,

W. Randolph Loftis, Jr.,
Constangy, Brooks & Smith
101 South Stratford Road
Suite 300
Winston-Salem, N.C. 27104-4213
336-721-1001


Monte B. Lake
Robert E. Williams
Christine M. Cooper
McGuiness & Williams
1015 15th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-789-8600

Counsel for defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this *13th* day of October 1998, a copy of the foregoing was served by first-class mail, postage pre-paid to:

Dana L. Ferguson, Esquire
Office of the Solicitor
U.S. Department of Labor
61 Forysth Street, S.W.
Room 7T10
Atlanta, GA 30303

_____
Attorney

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROCKINGHAM DIVISION

| | |
|---|---|
| ALEXIS M. HERMAN,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) |
| NORTH CAROLINA GROWERS ASSOCIATION,<br>SEXTON TREE FARMS AND SEXTON<br>ASSOCIATES, HIGHLAND FRASER FIRS<br>and NEW RIVER TREE CO.,<br>as joint employers, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

FILE NO.

1:98CV00676



FILED
SEP 1 0 1998

IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.

By

## WAIVER OF SERVICE OF SUMMONS

TO:     Ms. Dana L. Ferguson
        Office of the Solicitor
        U. S. Department of Labor
        61 Forsyth Street, S.W.
        Room 7T10
        Atlanta, GA  30303

I acknowledge receipt of your request that I waive

service of a summons in the action of <u>Herman v. North Carolina</u>

<u>Growers Association, Sexton Tree Farms and Sexton Associates,</u>

<u>Highland Fraser Firs and New River Tree Co., as joint employers</u>,

which is case number 1:98CV00676 in the United States District

Court for the Middle District of North Carolina.  I have also

received a copy of the complaint in the action, two copies of

this document, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 11, 1998.

_9/01/98_
Date

_Christine M. Cooper_
CHRISTINE COOPER
Attorney for New River Tree Co.

## Duty to Avoid Unnecessary Costs
## of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROCKINGHAM DIVISION

| | | |
|---|---|---|
| ALEXIS M. HERMAN, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | 1:98CV00676 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH CAROLINA GROWERS ASSOCIATION, | ) | |
| SEXTON TREE FARMS AND SEXTON | ) | |
| ASSOCIATES, HIGHLAND FRASER FIRS | ) | |
| and NEW RIVER TREE CO., | ) | |
| as joint employers, | ) | |
| | ) | |
| Defendants. | ) | |



## WAIVER OF SERVICE OF SUMMONS

TO:     Ms. Dana L. Ferguson
        Office of the Solicitor
        U. S. Department of Labor
        61 Forsyth Street, S.W.
        Room 7T10
        Atlanta, GA   30303


I acknowledge receipt of your request that I waive

service of a summons in the action of <u>Herman v. North Carolina</u>

<u>Growers Association, Sexton Tree Farms and Sexton Associates,</u>

<u>Highland Fraser Firs and New River Tree Co., as joint employers</u>,

which is case number 1:98CV00676 in the United States District

Court for the Middle District of North Carolina.  I have also

received a copy of the complaint in the action, two copies of

this document, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 11, 1998.

9/01/98
Date

CHRISTINE COOPER
Attorney for Highland Fraser Firs

2

## Duty to Avoid Unnecessary Costs
## of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

3

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROCKINGHAM DIVISION

| | | |
|---|---|---|
| ALEXIS M. HERMAN,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>) | FILE NO. |
| Plaintiff, | )<br>)<br>) | 1:98CV00676 |
| v. | )<br>) | |
| NORTH CAROLINA GROWERS ASSOCIATION,<br>SEXTON TREE FARMS AND SEXTON<br>ASSOCIATES, HIGHLAND FRASER FIRS<br>and NEW RIVER TREE CO.,<br>as joint employers, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |



## WAIVER OF SERVICE OF SUMMONS

TO:     Ms. Dana L. Ferguson
        Office of the Solicitor
        U. S. Department of Labor
        61 Forsyth Street, S.W.
        Room 7T10
        Atlanta, GA  30303


        I acknowledge receipt of your request that I waive

service of a summons in the action of <u>Herman v. North Carolina</u>

<u>Growers Association, Sexton Tree Farms and Sexton Associates,</u>

<u>Highland Fraser Firs and New River Tree Co., as joint employers</u>,

which is case number 1:98CV00676 in the United States District

Court for the Middle District of North Carolina.  I have also

received a copy of the complaint in the action, two copies of

this document, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 11, 1998.

9/01/98
Date

CHRISTINE COOPER
Attorney for Sexton Tree Farms and
Sexton Associates

2

## Duty to Avoid Unnecessary Costs
## of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROCKINGHAM DIVISION

| | | |
|---|---|---|
| ALEXIS M. HERMAN,<br>Secretary of Labor,<br>United States Department of Labor, | ) ) ) ) | FILE NO. |
| Plaintiff, | ) ) | 1:98CV00676 |
| v. | ) ) |  |
| NORTH CAROLINA GROWERS ASSOCIATION,<br>SEXTON TREE FARMS AND SEXTON<br>ASSOCIATES, HIGHLAND FRASER FIRS<br>and NEW RIVER TREE CO.,<br>as joint employers, | ) ) ) ) ) | |
| Defendants. | ) | |

## WAIVER OF SERVICE OF SUMMONS

TO:    Ms. Dana L. Ferguson
       Office of the Solicitor
       U. S. Department of Labor
       61 Forsyth Street, S.W.
       Room 7T10
       Atlanta, GA  30303

I acknowledge receipt of your request that I waive
service of a summons in the action of <u>Herman v. North Carolina</u>
<u>Growers Association, Sexton Tree Farms and Sexton Associates,</u>
<u>Highland Fraser Firs and New River Tree Co., as joint employers</u>,
which is case number 1:98CV00676 in the United States District
Court for the Middle District of North Carolina.  I have also
received a copy of the complaint in the action, two copies of

this document, and a means by which I can return the signed
waiver to you without cost to me.

I agree to save the cost of service of a summons and an
additional copy of the complaint in this lawsuit by not requiring
that I (or the entity on whose behalf I am acting) be served with
judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will
retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on
a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me
(or the party on whose behalf I am acting) if an answer or motion
under Rule 12 is not served upon you within 60 days after
August 11, 1998.

_9/01/98_
Date

_Christine M Cooper_
CHRISTINE COOPER
Attorney for North Carolina Growers
Association

2

## Duty to Avoid Unnecessary Costs
## of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

3

## CERTIFICATE OF SERVICE

I certify that true copies of the foregoing Waivers of Service of Summons were served by first class mail this 8th day of September, 1998, addressed to:

    Ms. Christine Cooper
    McGuinnes & Williams
    1015 Fifteenth Street, N.W.
    Suite 1200
    Washington, DC  20005

    _____
    DANA L. FERGUSON
    Attorney

SOL Case No. 97-10816/18/21 and 24

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROCKINGHAM DIVISION

| | |
|---|---|
| ALEXIS M. HERMAN,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>                         Plaintiff,<br><br>          v.<br><br>NORTH CAROLINA GROWERS ASSOCIATION,<br>SEXTON TREE FARMS AND SEXTON<br>ASSOCIATES, HIGHLAND FRASER FIRS<br>and NEW RIVER TREE CO.,<br>as joint employers,<br><br>                         Defendants. | FILE NO.<br><br>_____<br><br># 1:98CV00676<br><br><br><br>__C O M P L A I N T__<br>**(Injunctive Relief Sought)** |

FILED
AUG -5 1998
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

Plaintiff brings this action pursuant to § 17 of the

Act, 29 U.S.C. § 217, to have Defendants enjoined from violating

the provisions of § 17 of the Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201, et seq., hereinafter the Act; to

recover unpaid overtime compensation and to have Defendants

restrained from withholding unpaid compensation.

                              I

This Court has jurisdiction over this action pursuant

to § 17 of the Act and 28 U.S.C. § 1345.

## II

A. Defendant, North Carolina Growers Association ("NCGA"), at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Vass, North Carolina.

B. Defendant, Sexton Tree Farms and Sexton Associates, at all times hereinafter mentioned, has been a corporation having a place of business and doing business in West Jefferson, North Carolina.

C. Defendant, Highland Fraser Firs, at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Plum Tree, North Carolina.

D. Defendant, New River Tree Co., at all times hereinafter mentioned, has been a corporation having a place of business and doing business in West Jefferson, North Carolina.

## III

At all times hereinafter mentioned:

A. Defendants, as joint employers, engaged in related activities performed either through unified operation or common control for a common business purpose, constituting an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees

2

handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## IV

Since March 25, 1996, Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of § 17 of the Act and restraining the withholding of payment of back wages found by the Court to be due employees under the Act, for a period of two years prior to the commencement of this action, and for such other and further relief as may be necessary and appropriate

including interest on such back wages at the underpayment rate

established by the Secretary of the Treasury, pursuant to

26 U.S.C. § 6621, from the date they became due until paid, and

costs of this action.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 562-2057
 (404) 562-2073 (FAX)

MARVIN KRISLOV
Deputy Solicitor for
  National Operations

JAYLYNN K. FORTNEY
Regional Solicitor

ROBERT WALTER
Counsel

By: _____
    Dana L. Ferguson
    Attorney
    GEORGIA BAR NO. 250627

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.