UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

STATESVILLE DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA GROWERS<br>ASSOCIATION, SEXTON TREE FARMS<br>AND SEXTON ASSOCIATES,<br>HIGHLAND FRASER FIRS, and<br>NEW RIVER TREE CO.,<br>as joint employers,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILE NO.<br><br>5:99CV7-V |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Elaine L. Chao, Secretary of Labor, hereby moves the Court for an Order entering summary judgment. As explained in the accompanying Memorandum of Law, Plaintiff asks that this Court rule that:

1) This Court has Jurisdiction over the matter in this case;

2) Defendant North Carolina Growers Association is a joint employer with the other defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.;

3) Defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, by failing to pay employees for hours worked over forty in one week at least one-and-a-half times their regular rate of pay;

4) Defendants' employees are not exempt, under 29 U.S.C. § 213(b)(12), from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207;

5) Plaintiff is entitled to recover back wages on behalf of Defendants' employees for the period of August 4, 1996 to the present;

6) An entry of a prospective injunction requiring Defendants to refrain from future violations of the Fair Labor Standards Act is appropriate.

In support of her Motion, Plaintiff submits an Appendix of the following Exhibits:

Exhibit 1: Stipulation of the parties regarding time period relevant to this lawsuit.

Exhibit 2: Portions of transcript of deposition of Gregory Sexton.

Exhibit 3: Portions of transcript of deposition of Dale M. Shepherd.

Exhibit 4: Portions of transcript of deposition of Stanley Scott Porter.

Exhibit 5: Portions of transcript of deposition of Craig Stanford Eury, Executive Director of Defendant North Carolina Growers Association ("NCGA").

Exhibit 6: Relevant portions of indemnity agreement between Defendant NCGA and other Defendants in this case.

Exhibit 7: Portions of the deposition of Stephen A. Becker, a former employee of the Employment Training Administration ("ETA") of the United States Department of Labor.

Exhibit 8: Defendant NCGA's lists of employees who worked for the other Defendants in this case during the period of 1998-2001.

Exhibit 9: NCGA's booklet entitled "Understanding the Work Contract."

Exhibit 10: Work Rules of Defendant Sexton Tree Farms and Sexton Associates with cover letter from counsel.

Exhibit 11: Portions of transcript of deposition of James Shelton.

Exhibit 12: Letter from Toussaint Hayes, ETA's Regional Administrator, to Mr. Stan Eury, Executive Director of NCGA, dated December 12, 1995.

Exhibit 13: Each of the Defendant's Supplemental Answers to Plaintiff's Interrogatories.

Exhibit 14: Defendants' Responses to Plaintiff's First Requests for Admission.

Exhibit 15: Letter from Mr. Hap Perry, Regional Administrator of the Wage Hour Division, to Mr. Stan Eury, dated November 21, 1996.

Exhibit 16: Portions of transcript of deposition of David Craig, Wage Hour Investigator.

Exhibit 17: Copy of Magistrate Judge McKnight's Order dated November 12, 1999.

Exhibit 18: 1939 United States Department of Labor Interpretive Bulletin regarding forestry.

Exhibit 19: 1956 United States Department of Labor Interpretive Bulletin, 21 Fed. Reg. 2930 (May 3, 1956).

Exhibit 20: Excerpts from the deposition transcript of Mary G. Ziegler, Team Leader of Farm Labor Team, Wage Hour Division.

Exhibit 21: Wage Hour Opinion letter dated July 24, 1962.

Exhibit 22: Wage Hour Opinion letter dated January 1, 1991.

Exhibit 23: November 1990 letter from Samuel D. Walker, Acting Wage Hour Administrator.

Exhibit 24: Letter to Samuel D. Walker, Acting Wage Hour Administrator, dated July 23, 1990.

Exhibit 25: 83 Cong. Rec. 9158-9164 (1938).

Exhibit 26: 82 Cong. Rec. 1596-1597 (1937).

Exhibit 27: 82 Cong. Rec. 11210-11214 (1949).

Exhibit 28: 80 Stat. 830.

Exhibit 29: 63 Stat. 910.

Exhibit 30: 88 Stat. 55.

Exhibit 31: House Report No. 105-836 (Dec. 30, 1998), pages 53-54.

Exhibit 32: Bill summary and status for proposed H.R. 3486.

Exhibit 33: Copy of Ochoa v. Weisensee Ranch, Inc., 93 Or.App. 520, 763 P.2d 173 (Or.Ct.App. 1988).

Exhibit 34: Computations of back wages, completed by Plaintiff's investigator, based on payroll records provided by Defendants.

Plaintiff also submits a Memorandum of Law in support of her Motion.

Respectfully submitted,

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
 (404) 562-2057
 (404) 562-2073 (FAX)

HOWARD M. RADZELY
Acting Solicitor of Labor

JAYLYNN K. FORTNEY
Regional Solicitor

ROBERT L. WALTER
Counsel

DANA L. FERGUSON
Trial Attorney

By: _____
CHANNAH S. BROYDE
Senior Trial Attorney

Attorneys for the Secretary of Labor, United States Department of Labor.

SOL Case No. 97-10817

5