UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:99-CV-7-V

| | |
|---|---|
| ELAINE CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br>      Plaintiff,<br><br>vs.<br><br>NORTH CAROLINA GROWERS<br>ASSOCIATION, SEXTON TREE FARMS<br>AND SEXTON ASSOCIATES,<br>HIGHLAND FRASER FIRS, and<br>NEW RIVER TREE CO.,<br>as joint employers,<br>      Defendants. | **O R D E R** |

**THIS MATTER** is before the Court upon Defendants' "Motion For Ruling On Recovery Of Attorneys' Fees And Costs And For Leave To File Their Bill Of Costs," and Plaintiff's Memoranda In Opposition. (Documents #85, #86 and #89) Defendants' motion was not accompanied by a memorandum of law. Defendants also elected not to submit a reply brief in response to Plaintiff's opposition.[1]

The Court will not recite the underlying facts or protracted procedural history given that a detailed outline of this civil action is provided by both this district court as well as by the appellate court. (*See* Documents #77, #81 / COA No.: 03-2380)

---

[1] As a result of Defendants' failure to fully brief the issues, the undersigned is not altogether clear about the exact relief Defendants seek. For example, it is unclear whether Defendants seek to recover attorneys' fees incurred only in connection with the motion to compel (and contemporaneous motion for sanctions) or *all* attorneys' fees incurred during the pendency of the litigation.

1

On September 8, 2003, this Court granted summary judgment in favor of the U.S. Department of Labor ("DOL" or "Government") and denied Defendants' corresponding motion for summary judgment, finding that Defendants' employees were not "employed in agriculture" such that Defendants were exempt from paying overtime wages pursuant to the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201, *et seq*. The Court's Order required Defendants to pay back wages and also permanently restrained and enjoined Defendants from violating 29 U.S.C. § 207 with respect to any of its workers.

On September 27, 2004, the Fourth Circuit Court of Appeals reversed and remanded the case directing that the undersigned grant summary judgment in favor of Defendants and vacate the permanent injunction entered against Defendants. Consistent with the Fourth Circuit's directive, an Amended Judgment was prepared and entered on November 12, 2004. (Document #84) The instant motion followed.

## I. Defendants' EAJA Application

The U.S. Department of Labor challenges Defendants' EAJA application as untimely, incomplete, and lacking merit. The DOL further contends that Defendants' failure to submit the EAJA application within thirty days of final judgment is jurisdictional and, therefore, mandates dismissal of the petition.[2]

Congress's purpose in enacting EAJA was "to eliminate the barriers that prohibit small businesses and individuals from securing vindication of their rights in civil actions and administrative

---

[2] The Fourth Circuit has never addressed this issue. *But see, generally* Escobar v. U. S. Immigration & Naturalization Servs., 935 F.2d 650, 653 (4th Cir. 1991)(because EAJA amounts to a waiver of sovereign immunity, it is to be strictly construed).

proceedings brought by or against the Federal Government." Broaddus v. U.S. Army Corps of Engineers, 380 F.3d 162, 166 (4th Cir.2004)(*quoting* Scarborough v. Principi, 541 U.S. 401, 24 S.Ct. 1856, 1861 (2004)).

The EAJA requires the proponent of an attorneys fees award to demonstrate: 1) that the claimant is a "prevailing party"; 2) that the government position was not "substantially justified"; 3) that no "special circumstances make an award unjust"; and 4) that the fee application was submitted to the court within 30 days of final judgment and supported by an itemized statement. Broaddus, 380 F.3d at 166 (*citing* Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir.1991)); 28 U.S.C. §2412. For purposes of resolving the instant motion, the Court presumes that Defendants are either financially eligible for recovery of fees and costs under EAJA (or exempt from any financial eligibility requirement) and thereby constitute the "prevailing parties" as contemplated by statute.[3] Aside from its argument that the Government's legal position was "substantially justified," the Government does not contend that there are any special or unique circumstances that would render an award of attorneys fees unjust. Therefore, the Court need only address the second and fourth criteria.

**1. Timeliness**

"A party seeking an award of fees and other expenses shall, <u>within thirty days of final judgment in the action</u>, submit to the court an application for fees and other expenses . . . " 28 U.S.C. §2412(d)(1)(B)(*emphasis added*). ""Fees and other expenses" includes the reasonable expenses . . . found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." 28 U.S.C. §2412(d)(2)(A). "Final judgment" means a judgment that is final and not

---

[3] In order to satisfy the statutory definition of "party", the claimant must establish that it is *financially* eligible to receive an award of attorneys fees under the EAJA or otherwise exempt. 28 U.S.C. §2412(d)(2)(B); Broaddus, 380 F.3d at 166.

appealable." 28 U.S.C. §2412(d)(2)(G); Melkonyan v. Sullivan, 59 U.S.L.W. 4612 (1991)("final judgment" for purposes of §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action).

"When the non-government party loses in the district court but prevails on appeal, it must file its application for fees under the EAJA within 30 days of the judgment of the appellate court." 8 FED. PROC. L. Ed. §20:496 (2005); McDonald v. Schweiker, 726 F.2d. 311, 315 (7th Cir.1983); Sargent v. Sullivan, 941 F.2d 1207 (4th Cir. 1991), 1991 WL 160091, **5 (*unpublished*) (recognizing that the *McDonald* approach was adopted by the EAJA); Zheng v. Ashcroft, 383 F.3d 919, 921 (9th Cir. 2004). If the Government does not appeal an adverse decision by the appellate court, the 30-day period begins to run upon expiration of the 90-day period for filing the notice of appeal or a petition for certiorari.[4] 8 FED. PROC. L. Ed. §20:496 (2005).

A petition for a writ of certiorari must be filed within ninety (90) days after "entry of judgment." Sup.Ct. R. 13(1). "Entry of judgment" means the date on which the judgment sought to be reviewed was entered by the Court as opposed to the date the mandate issues. Sup.Ct. R. 13(3). In this case, the Fourth Circuit issued its opinion on August 2, 2004. The Fourth Circuit's docket entry of the same date includes the following notation: "copies to all parties." Thus, the undersigned looks to the date the Fourth Circuit's opinion was entered on its docket as the trigger for the ninety (90) day limitations period for petitioning the Supreme Court for a writ of certiorari.[5]

---

[4] To the extent appeal was available, the DOL did not seek permission to appeal the Fourth Circuit's decision.

[5] The Fourth Circuit's opinion was not docketed in the district court until two (2) days later on August 4, 2004. (Doc. #81)

According to the Government, the expiration date for filing a petition for writ of certiorari was October 31, 2004, and the deadline for filing the EAJA application was thirty (30) days later, or by November 30, 2004. The Court's independent calculation of time, consistent with Rule 6 of the Federal Rules of Civil Procedure, differs only slightly – deadline for filing a petition for writ of certiorari on or before November 4, 2004, and deadline for EAJA application on or before December 6, 2004.[6] However, Defendants' motion was not submitted until December 14, 2004, more than a week later than the Court's more conservative computation of time. Defendants' motion is properly dismissed as <u>untimely</u>.[7]

As for the Government's contention that the untimeliness of Defendants' EAJA petition deprives this district court of subject matter jurisdiction, and to the extent Defendants do not concede as much, the Court need not reach this issue.[8] (*See* Section "I, 2") <u>Scarborough</u>, 541 U.S. at 414-420 (explaining that the "30-day deadline for [EAJA] fee applications and its application-content specifications are not properly typed "jurisdictional").

**2. Substantial Justification**

Even if Defendants' petition were timely filed, the Court finds that the Government's legal position in this litigation was "substantially justified." "The phrase "substantially justified" does not

---

[6] The Court's calculation *excludes* the day the Fourth Circuit's opinion was issued (August 2, 2004), *includes* intermediate Saturdays, Sundays, and legal holidays, allows an additional 3 days for service of the Fourth' Circuit's opinion by mail, and then *excludes* the day Defendants' ability to petition for writ of certiorari expired (November 4, 2004), and the last day of the 30-day period for submitting the EAJA petition (Sunday, December 5, 2004). FED. R. CIV. P. 6(a) and (e).

[7] Defendants do not even argue that "good cause" or "excusable neglect" exists such that the Court should consider the untimely petition.

[8] Defendants appear to concede that, if untimely, their request for attorneys' fees is not properly before the Court. Defendants only seek leave to file the Bill of Costs out of time. (Defs.' Mot., at 1; ¶10)

5

mean justified to a high degree, but rather justified to a degree that could satisfy a reasonable person." 2 Am. Jur. 2d Administrative Law §398 (2005). "A position may be justified even though it is not correct, and it may be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id.; Scarborough, 541 U.S. at 415 (Congress did not intend for the "substantially justified" standard to create a presumption that the Government position was not substantially justified simply because it lost the case); Hess Mech. Corp. v. Nat'l Labor Relations Bd., 112 F.3d 146, 149 (4th Cir.1997)(test for substantial justification is one of reasonableness). Whether or not the position of the United States was "substantially justified" shall be determined on the basis of the entire record. 28 U.S.C. §2412(d)(1)(B). It is the Government's burden to demonstrate that its position in the underlying litigation was "substantially justified." Scarborough, 541 U.S. at 414-415 (*citing* Pierce v. Underwood, 487 U.S. 552, 567, 108 S.Ct. 2541 (1988)); Hess Mech. Corp., 112 F.3d at 149.

The following factors favor a finding that the DOL's litigation position was, in fact, "substantially justified." First, the question presented in the underlying litigation was one of first impression in the federal courts. Secondly, the litigation was complex, requiring statutory interpretation of an exemption from the Fair Labor Standards Act's overtime provisions that was to be construed narrowly against the employers (Defendants). Significantly, the DOL's construction of the statute via its "interpretive bulletins" had been accepted and applied, albeit without any serious legal challenge, for a period of almost forty (40) years. As a result, the undersigned awarded a certain amount of deference to the agency's official interpretation of the statute. Finally, the district court granted summary judgment in the Government's favor. Notwithstanding the outcome on appeal, the Court finds the Government's litigation position was "substantially justified."

## II. Defendants' Motion To File Bill Of Costs Out Of Time

Defendants also seek leave of the Court to recover costs and attorneys' fees associated with a pretrial discovery dispute, namely, Defendants' motion to compel production of certain documents, some of which DOL asserted were privileged. (Defs' Mot., ¶¶1-6; *See* Docs.## 26, 31, 32, 34-35, 41-43) The magistrate judge initially granted Defendants' motion to compel. (Doc.#33) The DOL appealed to the district court. (Doc.#36) The magistrate judge then stayed consideration of Defendants' contemporaneous motion for sanctions pursuant to Fed. R. Civ. P. 37(a) pending DOL's appeal. (Doc.#39)

This district judge affirmed the magistrate's order in part, but deferred ruling with respect to applicability of the deliberative process privilege. DOL was required to submit an amended privilege log and documents to the magistrate for *in camera* review. After *in camera* review, the motion to compel was only resolved in Defendants' favor *in part* in that the DOL was eventually relieved from having to produce certain privileged documents. (Docs. ##33, 40, 41-43, 47-53, 56) The magistrate judge indicated that Defendants would be able to recover their reasonable expenses and fees. (Doc. #49) Briefing occurred with respect to the propriety of awarding Defendants fees and costs associated with the partially successful motion. (Docs.##57, 63-65) However, the question of fees and costs was never ruled upon.

From December 2002 through November 7, 2003 (when notice of appeal was filed by the DOL), no action was taken, nor any inquiry made with respect to the outstanding motion for sanctions. Defendants' motion will be <u>denied</u>. Under these circumstances, it would be reasonable for the Court to presume that Defendants, as the moving parties, abandoned the motion for sanctions. More importantly, Defendants fail to provide any legal authority supportive of their suggestion that

the district court can consider Defendants' motion given the current posture of the case – upon remand from the appellate court with specific instructions.

Following remand, the Court is bound by the "mandate rule." Invention Submission Corp. v. Dudas, 413 F.3d 411, 414 (4th Cir.2005) (*citing* United States v. Bell, 5 F.3d 64, 67 (4th Cir.1993); Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168, 59 S.Ct. 777 (1939)). The ""mandate rule" is a more powerful version of the law of the case doctrine and is based on the principle that an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system." Id. (*citing* 18B Charles Alan Wright, Arthur B. Miller, & Edward H. Cooper, *Federal Practice and Procedure* §4478.3 (2d. ed. 2002). "Under the mandate rule, a lower court generally may not consider questions that the mandate has laid to rest." Id. (*citing* Sprague, 307 U.S. at 168.) Further, "the rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived . . ." Bell, 5 F.3d at 66. A district court may consider issues foreclosed by the mandate in the following "extraordinary circumstances:" (1) change in controlling legal authority, (2) significant new evidence, or (3) a blatant error resulting in serious injustice. Bell, 5 F.3d at 67. None of these extraordinary circumstances are present here.

In conclusion, because Defendants did not pursue this matter with the district court prior to summary judgment, prior to DOL's direct appeal, or at any time during the appellate proceedings, the Court is barred from considering this aspect of Defendants' motion. Alternatively, the Court finds that Defendants effectively waived the right to recover costs and fees associated with the magistrate judge's pretrial ruling.

### III. Order

**IT IS HEREBY ORDERED** that Defendants' "Motion For Ruling On Recovery Of Attorneys' Fees And Costs And For Leave To File Their Bill Of Costs" is **DENIED**.

Signed: April 20, 2006

Richard L. Voorhees
Chief United States District Judge